**IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
DELAWARE**

| | |
|---|---|
| **EARIN AB,** | Civil Action No.: |
| Plaintiff, | |
| v. | **TRIAL BY JURY DEMANDED** |
| **WALMART INC.,** | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Earin AB ("Earin") files this Complaint against Defendant Walmart Inc. ("Walmart").

**NATURE OF THE CASE**

1.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 101, et seq., including 35 U.S.C. § 271, for infringement of United States Patent No. 9,402,120 (the '120 Patent). Attached as Exhibit A.

2.      Walmart has been and is selling and offering for sale on Walmart.com, and on information and belief importing into the United States, Skullcandy-branded true wireless earbud products that practice the inventions claimed in the '120 Patent, including without limitation the Smokin' Buds XT True Wireless In-Ear Earbuds, Dime XT 2 True Wireless In-Ear Earbuds, Jib True XT 2 True Wireless Earbud Headphones, and Dime XT True Wireless Earbuds, together with their color variants and substantially similar versions sold by and shipped by Walmart.com (collectively, the 'Accused Walmart Products').

1

3. The Accused Walmart Products are sold by and shipped by Walmart.com rather than by third-party marketplace sellers. On information and belief, Walmart warehouses, distributes, advertises, offers for sale, and sells the Accused Walmart Products through its retail and e-commerce operations.

4. The Accused Walmart Products include Skullcandy true wireless earbuds that advertise, among other things, auto on/connect behavior, use-either-bud solo or mono operation, true wireless stereo pairing and reconnection behavior, and in certain instances multipoint pairing and automatic reconnection features. Those functionalities practice the charger-detect, true wireless stereo reconnection, master/slave determination, mono fallback, and host-device pairing functionality claimed in the '120 Patent.

5. Earin seeks damages adequate to compensate it for Walmart's infringement of the '120 Patent, together with prejudgment and post-judgment interest, costs, and all other relief available under law.

**PARTIES**

6. Backed by the Kickstarter community in 2014, Earin launched the original true wireless stereo ("TWS") M-1 earbuds on October 6, 2015. Earin has for years been known as an innovator of Bluetooth-enabled wireless earphone technologies.

7. Earin is a Swedish corporation with a principal place of business at Dockgatan 27, 211 12 Malmö, Sweden.

8. On information and belief, Walmart is a Delaware corporation with its principal executive offices at 702 S.W. 8th Street, Bentonville, Arkansas 72716.

**JURISDICTION AND VENUE**

9. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over Walmart because Walmart is a Delaware corporation and therefore has a continuous presence in, and systematic contacts with, this District.

12. On information and belief, Walmart has committed and continues to commit acts of infringement in this Judicial District, and the claims addressed in this Complaint arise out of and relate to such acts, including at least by selling, offering for sale, and on information and belief importing the Accused Walmart Products in or into this District.

13. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Walmart is incorporated in this District and Walmart's infringing activities have occurred and are occurring in this District.

**THE ACCUSED WALMART PRODUCTS**

14. The Accused Walmart Products are Skullcandy-branded true wireless earbud products that, on information and belief, Walmart sells and ships as first-party Walmart.com merchandise.

15. The Accused Walmart Products include, without limitation, the Smokin' Buds XT, Dime XT 2, Jib True XT 2, and Dime XT models.

16. Walmart markets, offers for sale, and sells these products through Walmart.com product pages that identify the merchandise as Skullcandy true wireless earbuds and, on information and belief, as sold by and shipped by Walmart.com.

3

**EARIN'S U.S. PATENT NO. 9,402,120**

17.    On July 26, 2016, the United States Patent and Trademark Office duly and legally issued United States Patent No. 9,402,120, entitled "Wireless Earbud System." A true and correct copy of the '120 Patent may be attached as an exhibit to this Complaint.

18.    The '120 Patent is directed, inter alia, to wireless earbud systems in which the earbud housing includes a loudspeaker element, a rechargeable battery, and circuitry configured for wireless radio communication, audio codec, earbud operation, charger-detect idle mode, automatic entry into operational mode when removed from a charger, true wireless stereo reconnection, mono fallback operation, and host-device reconnection and pairing behavior.

19.    Earin is the owner, by assignment, of all right, title, and interest in and to the '120 Patent, including the right to sue for and recover damages for past, present, and future infringement.

20.    The '120 Patent is valid and enforceable under the patent laws of the United States.

**COUNT I**

**INFRINGEMENT OF THE '120 PATENT**

21.    Earin incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

22.    Walmart has sold, offered for sale, and/or imported the Accused Walmart Products that incorporate one or more of the inventions claimed in the '120 Patent.

23.    Walmart has infringed and continues to infringe, either literally or under the doctrine of equivalents, one or more claims of the '120 Patent, including at least claim 20, by at least selling, offering for sale, and/or importing the Accused Walmart Products in or into the United States.

24.     Claim 20 of the '120 Patent provides:

[Preamble] A wireless earbud having an idle mode and an operational mode, the wireless earbud comprising:

[A] an earbud housing;

[B] a loudspeaker element;

[C] a rechargeable battery; and

[D] at least one main printed circuit board having disposed thereon circuitry for wireless radio communication, audio codec and earbud operation control;

[E] wherein the circuitry is configured for automatic power preservation by: detecting connection of said battery to a charger and in response entering the idle mode, wherein existing connections to a second wireless earbud and to a wireless audio streaming host device will be disconnected; and

[F] detecting disconnection of said battery from said charger and in response entering the operational mode by: attempting a true wireless stereo, TWS, reconnection with the second wireless earbud;

[G] if the attempt is successful, operating the wireless earbud as a TWS audio receiver and otherwise operating the wireless earbud as a mono wireless audio receiver;

[H] if operated as a TWS audio receiver, determining whether the wireless earbud is a master device or a slave device with respect to the second wireless earbud;

[I] if the wireless earbud is determined to be a master device, attempting to reconnect with the wireless audio streaming host device and other known wireless audio streaming host devices if applicable; and

[J] if reconnection with the wireless audio streaming host device fails, initiate a pairing procedure with the wireless audio streaming host device and other known wireless audio streaming host devices if applicable.

25.     Based on publicly available information, Walmart product materials, Skullcandy product materials and support materials, and Earin's pre-suit investigation, the Accused Walmart Products meet all elements of at least claim 20 of the '120 Patent.

26.     Regarding the preamble, and to the extent it is limiting, the Accused Walmart Products are wireless earbuds having an idle mode and an operational mode. Walmart markets the

Accused Walmart Products as true wireless earbuds sold with charging cases, Bluetooth wireless functionality, and automatic connection and reconnection behavior.

27.    Limitations [A] through [D] require an earbud housing, a loudspeaker element, a rechargeable battery, and at least one main printed circuit board having disposed thereon circuitry for wireless radio communication, audio codec, and earbud operation. The Accused Walmart Products, including without limitation the Smokin' Buds XT, Dime XT 2, Jib True XT 2, and Dime XT products, include those structures and associated circuitry.

28.    For example, Walmart advertises Jib True XT 2 as a true wireless earbud product sold with a portable charging case, and Walmart advertises Dime XT as a true wireless earbud product that can be used independently in solo mode. Walmart also markets the remaining Accused Walmart Products as Bluetooth-enabled true wireless earbuds. On information and belief, those products therefore include comparable housings, speakers, rechargeable batteries, and printed circuit boards configured for wireless radio communication, audio codec, and earbud operation.

29.    Limitation [E] requires circuitry configured for automatic power preservation by detecting connection of the battery to a charger and, in response, entering the idle mode, wherein existing connections to a second wireless earbud and to a wireless audio streaming host device will be disconnected. The Accused Walmart Products satisfy this limitation. Walmart advertises those products as true wireless earbuds sold with charging cases that recharge the earbuds and provide substantial additional battery capacity, including, for example, Jib True XT 2 with "24 hours from the portable charging case," reflecting that the earbuds are configured to charge when placed into the case. Walmart and Skullcandy product and support materials for representative accused products further explain that the earbuds power off automatically when returned to the charging case while charging. On information and belief, when each earbud is placed into its charging case

6

and detects charger connection, it automatically enters an idle or other power-preserving state rather than remaining in active operational mode, and in doing so any then-existing true-wireless connection to the companion earbud and any existing Bluetooth connection to the wireless audio streaming host device are terminated. That inference is consistent with the products' advertised charging-case functionality and with their separate advertised connection and reconnection behavior when later removed from the case, which presupposes that the prior earbud-to-earbud and earbud-to-host connections were disconnected when charger connection was detected.

30.     Limitations [F] and [G] require detecting disconnection of the battery from the charger and, in response, entering the operational mode by attempting a true wireless stereo ("TWS") reconnection with the second wireless earbud, then, if that attempt is successful, operating the wireless earbud as a TWS audio receiver and otherwise operating the wireless earbud as a mono wireless audio receiver. The Accused Walmart Products satisfy these limitations. Walmart advertises multiple Accused Walmart Products as true wireless earbuds capable of solo-bud use, including at least Jib True XT 2 and Dime XT, and markets the accused lineup as Bluetooth-enabled true wireless earbuds sold with charging cases. Walmart and Skullcandy product materials for representative accused products further describe automatic connection and reconnection behavior upon use. On information and belief, those advertised features necessarily require that, upon removal from the charging case, each earbud enters operational mode and attempts TWS reconnection with the companion earbud; if that attempt succeeds, the earbuds operate together in true wireless stereo mode as TWS audio receivers, and if that attempt does not succeed because the companion earbud is absent, unavailable, or out of range, the earbud instead continues operating alone as a mono wireless audio receiver. The products' advertised "True Wireless" operation, connection and reconnection behavior, and solo-bud capability together

reflect both branches of the claimed functionality: successful earbud-to-earbud reconnection leading to TWS operation, and unsuccessful earbud-to-earbud reconnection leading to mono operation.

31.     Limitations [H] and [I] require that, if the earbud is operating as a TWS audio receiver, it determines whether it is a master or slave device relative to the second earbud and, if it is the master device, attempts to reconnect with the wireless audio streaming host device and other known host devices if applicable. The Accused Walmart Products satisfy these limitations. On information and belief, when the accused earbuds establish a TWS connection, one earbud acts as the primary or master earbud for host-device communication while the other earbud acts as a secondary or slave earbud. This is reflected in the products' ability to transition between solo mode and stereo mode and to reconnect to previously paired host devices. Walmart advertises that multiple Accused Walmart Products support solo-bud use, including at least Dime XT and Jib True XT 2. Skullcandy support materials for representative accused products explain that the earbuds pair or sync to previously paired devices when powered on and reconnect to known host devices where applicable. Those features satisfy, at minimum, the requirement to reconnect with the host device and, where applicable, other known host devices.

32.     Limitation [J] requires that, if reconnection with the wireless audio streaming host device fails, the earbud initiate a pairing procedure with the wireless audio streaming host device and other known devices, if applicable. The Accused Walmart Products satisfy this limitation because, when an earbud attempts to reconnect with a previously paired host device and that reconnection fails, the earbud initiates a pairing procedure by entering a discoverable/pairing state and advertising itself for connection to the previously paired host device and other known devices, if applicable. On information and belief, this includes transmitting Bluetooth discovery/pairing

signaling, including, for example, an "Inquiry Result" message or similar advertising/discovery message defined by the Bluetooth specification. Thus, upon failed reconnection, the earbud itself initiates the claimed pairing procedure.

33.    Accordingly, Walmart has directly infringed and continues to directly infringe one or more claims of the '120 Patent, including at least claim 20.

34.    Walmart's infringing activities have been and continue to be without authority or license under the '120 Patent.

35.    Earin has suffered and continues to suffer damages as a direct and proximate result of Walmart's infringement of the '120 Patent and is entitled to recover damages adequate to compensate for that infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest.

## JURY DEMAND

36.    Pursuant to Federal Rule of Civil Procedure 38(b), Earin demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Earin respectfully requests judgment against Walmart as follows:

A. that this Court adjudge that Walmart has infringed the '120 Patent;

B. that this Court award Earin damages under 35 U.S.C. § 284 sufficient to compensate Earin for Walmart's infringement, including but not limited to a reasonable royalty;

C. that this Court award Earin prejudgment and post-judgment interest as allowed by law;

D. that this Court award Earin its costs and such other and further relief as the Court deems just and proper.

Dated: March 13, 2026

*Of Counsel:*

Cristofer I. Leffler, WA Bar No. 35020
**FOLIO LAW GROUP PLLC**
1200 Westlake Ave. N., Suite 809
Seattle, WA 98109
Tel: (206) 880-1802
Email: cris.leffler@foliolaw.com

Respectfully submitted,

FARNAN LLP

*/s/Michael J. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff Earin AB*

10